UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>         Plaintiff, )<br>  )<br> v.                                )<br>  )<br>CHARLES D. TURNER, )<br>  )<br>         Defendant. ) | Cause No.  4:07-cr-21-SEB-VTW |

**REPORT AND RECOMMENDATION**

On August 23, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on April 6, 2016 (Docket No. 116) and the Supplemental Petition for Warrant or Summons for Offender Under Supervision filed on April 8, 2016 (Docket No. 119).  Defendant, Charles D. Turner, appeared in person with his appointed counsel, Jennifer H. Culotta.  The government appeared by Matthew Rinka, Assistant United States Attorney.  U.S. Probation appeared by Officer Katrina Sanders, via telephone.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.	The Court advised Defendant Mr. Turner of his rights and provided him with a copy of the petitions.  Defendant submitted a Financial Affidavit which was approved by the Court.  Jennifer H. Culotta was appointed to represent the defendant in this matter.

2.	Mr. Turner waived his right to a preliminary hearing.

3.	The parties advised the Court they had reached an agreement to resolve the allegations in the Petition.

4.      After being placed under oath, Mr. Turner admitted Violation Nos. 1-3 (Docket No. 116) and Violation No. 4 (Docket No. 119).

5.      The allegations to which Defendant admitted, as fully set forth in the petitions, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons**. |
| | Although the offender was released from BOP on February 1, 2016, he had a Clark County, Indiana, detainer. Clark County released him on February 22, 2016. The offender did not report to the U.S. Probation Office within 72 hours as required |
| 2 | **The defendant shall not commit another federal, state, or local crime.** |
| 3 | **The defendant shall notify the probation officer within 72 hours of being arrested or having any official law enforcement contact.** |
| | On March 5, 2016, the Indiana State Police conducted a traffic stop on a vehicle operated by the offender. It was determined the vehicle was affixed with a stolen license plate. On March 14, 2016, the offender was charged with Theft (A- misdemeanor) in Clark County, Indiana, under docket number 10C03-1603-CM-666. To date, the offender has not notified the probation officer of his contact with the police. |
| 4 | **The defendant shall not commit another federal, state, or local crime**. |
| | On April 7, 2016, the Sellersburg Police Department responded to a Tractor Supply store after receiving a call that the offender was urinating in the parking lot, near the main entrance, in front of customers, store employees, and children. Officers observed the offender drive away from the store and conducted a traffic stop. They determined Mr. Turner was intoxicated and transported him to the Clark County, Indiana, jail where he tested .139% BAC. Officers later learned the offender had stolen keys from the Tractor Supply store. The stolen keys are used by store employees to access heavy farm equipment. Mr. Turner was charged with public nudity, operating a vehicle while intoxicated, and theft in Clark County, Indiana, under docket number 10C03-1604-CM-923. |

6.  The parties stipulated that:

    (a)  The highest grade of violation is a Grade C violation.

    (b)  Defendant's criminal history category is VI.

    (c)  The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

7.  The parties jointly recommended Mr. Turner be sentenced to 12 months and 1 day imprisonment. Upon completion of his term of imprisonment, Defendant will be subject to a term of supervised release for a period of 2 years, the first 6 months of which will be served at a residential reentry center. While on supervised release, Defendant will be treated for substance abuse.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant VIOLATED the conditions in the Petitions, that his supervised release should be REVOKED, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day with 2 years of supervised release to follow, the first 6 months of which shall be served at a residential reentry center. The defendant is remanded to the custody of the U.S. Marshal.

In addition to the mandatory conditions of supervision, it is recommended the following conditions be imposed to assist the probation officer in supervising Mr. Turner and to ensure the safety of the community.

> **You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (Supervised Release cases only)**
>
> **You shall report to the probation officer in a manner and frequency directed by the court or probation officer.**
>
> **You shall permit a probation officer to visit you at a reasonable time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.**

3

>**You shall not knowingly leave the judicial district without the permission of the court or probation officer.**
>
>**You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.**
>
>**You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity.  You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.**
>
>**You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities).  When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.**
>
>**You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.**
>
>**You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.**
>
>**You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.**
>
>**You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.**
>
>**As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.**
>
>**You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.**

Placement in a residential reentry center (RRC) will allow Mr. Turner to benefit from job placement services, establish a stable release plan, facilitate a stable reentry into society, and focus on his substance abuse counseling and rehabilitation.

>**You shall reside in a residential reentry center for a term of 180 days. You shall abide by the rules and regulations of the facility.**

Considering the Defendant's history of illegally possessing firearms, a search condition would assist the probation office in attempts to monitor Mr. Turner.

> **You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary.**
>
> **You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.**

Substance abuse or alcohol treatment is recommended due to Mr. Turner's history of alcohol abuse and to ensure he is provided tools to prevent continued alcohol abuse.

> **You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You shall pay some or all of the costs of such treatment, if financially able.**

Each recommended condition was read and explained to the defendant.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 8/26/2016

_____
VAN WILLIS
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation
United States Marshal